CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Chris Carson, Esq. SBN 280048
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**Rafael Arroyo, Jr.**,

Plaintiff,

v.

**A & G Interprises, LLC,** a California Limited Liability Company;
**Carmen Rosas**; and Does 1-10,

Defendants.

**Case:** 2:18-cv-06338-PSG-GJS

**Plaintiff's Opposition to the Application for Stay and Early Mediation**

Defendant Carmen Rosas has filed an application for stay and early mediation. Plaintiff opposes the defense request for stay and early mediation. While the plaintiff is in favor of early settlement, the defendant has filed this motion without setting it for a hearing date. The defendant has also failed to meet and confer as required under Local Rule 7-3 or to provide the certification of meeting of counsel.

The Central District requires a meet and confer with opposing counsel before filing a motion. L.R. 7-3 requires the moving party to contact opposing counsel to discuss the substance of the contemplated motion and any potential resolution. Failure to strictly comply with L.R. 7-3 can prove fatal, and several Central District judges have summarily denied motions on this basis.

Rule 7-3 applies to virtually all motions. The rule requires that:

> [C]ounsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. If the proposed motion is one which under the F.R. Civ. P. must be filed within a specified period of time . . . then this conference shall take place at least five (5) days prior to the last day for filing the motion; otherwise, the conference shall take place at least ten (10) days prior to the filing of the motion. If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion a statement to the following effect: "This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)."

The theory behind meet and confer requirements is sound, and compliance should not be difficult. A pre-filing conference is designed "to encourage the parties to work out their differences informally so as to avoid the necessity for a formal order…" *McElhaney v. Cessna Aircraft Co.,* 134 Cal. App. 3d 285, 289 (1982). Such conferences "lessen the burden on the court and reduce the unnecessary expenditure of resources by litigants through promotion of informal, extrajudicial resolution of discovery disputes." *Townsend v. Superior Court,* 61 Cal. App. 4th 1431, 1435 (1998). Describing the purpose of the federal court rule, one court stated, "The purpose of the conference requirement is to promote a frank exchange between counsel to resolve issues by agreement of to at least narrow and focus the matters in controversy before judicial resolution is sought." *Dondi Properties Corp. v. Commerce Savs. & Loan Ass'n*, 121 F.R.D.284 (N.D. Tex. 1988).

For these reasons, the plaintiff opposes the Application for Stay and Early Mediation. The defendant's application for stay and early mediation should be denied for failure to follow Local Rule 7-3.

Dated: September 4, 2018

CENTER FOR DISABILITY ACCESS

By: /s/ Chris Carson
CHRIS CARSON
Attorneys for Plaintiff