CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Raymond Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
dennisp@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Rafael Arroyo, Jr.,**<br><br>    Plaintiff,<br><br>    v.<br><br>**A & G Interprises, LLC**, a California Limited Liability Company;<br>**Carmen Rosas**; and Does 1-10,<br><br>    Defendants. | **Case No**. 2:18-cv-06338-PSG-GJS<br><br>**Plaintiff's Case Statement** |

Pursuant to this Court's "ADA Disability Access Litigation: Order Granting Application for Stay and Early Mediation," filed September 11, 2018, the plaintiff submits his Plaintiff's Case Statement.

**A.    Itemized List**

The specific conditions at the site that forms the basis of this lawsuit are the lack of van-accessible parking space, lack of level parking, inaccessible standard parking space, inaccessible transaction counter and path of travel at the Gardena Main Plaza Liquor ("Store") located in Gardena, California.

1. Lack of van-accessible Parking Space:



- ❖ Any business that provides parking spaces must provide accessible parking spaces. 1991 Standards § 4.1.2(5); 2010 Standards § 208. One in every eight of those accessible parking spaces but not less than one must be a "van" accessible parking space, i.e., having an eight foot access aisle. 1991 Standards § 4.1.2(5)(b). Under the 2010 Standards, one in every six accessible parking spaces must be van accessible. 2010 Standards § 208.2.4.
- ❖ Here, the lack of a van parking space is a violation of the law.
- ❖ The included photo of the Facility depicts the above violation.

2. Lack of Level Parking:



- ❖ Under the 1991 Standards, parking spaces and access aisles must be level with surface slopes not exceeding 1:50 (2%) in all directions. 1991 Standards § 4.6.3. Under the 2010 Standards, access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted. 2010 Standards 502.4. "Access aisle are required to be nearly level in all directions to provide a surface for wheelchair transfer to and from vehicles." 2010 Standards § 502.4 Advisory. No more than a 1:48 slope is permitted. 2010 Standards § 502.4.
- ❖ Here, the failure to provide level parking is a violation of the law.
- ❖ The included photo of the Facility depicts the above violation.

3. Lack of accessible Parking Space:



- ❖ Any business that provides parking spaces must provide accessible parking spaces. 1991 Standards § 4.1.2(5); 2010 Standards § 208. To qualify as a reserved handicap parking space, the space must be properly marked and designated. Under the ADA, the method, color of marking, and length of the parking space are to be addressed by state or local laws or regulations. See 36 C.F.R., Part 1191, § 502.3.3. Under the California Building Code, to properly and effectively reserve a parking space for persons with disabilities, each parking space must be at least 216 inches in length. CBC § 11B-502.2. The access aisle must extend the full length of the parking spaces it serves. 2010 Standards § 502.3.2. Under the California Building Code, a sign must be posted in a conspicuous place at the entrance to the parking lot or immediately adjacent to each handicap

parking space, with lettering 1 inch in height, that clearly and conspicuously warn that unauthorized vehicles parking in the handicap parking spaces can be towed at the owner's expense. CBC § 1129B.4. The surface of the access aisle must have a blue border. CBC § 1129B.3. The words "NO PARKING" in letters at least a foot high must be painted on the access aisle. Id.

- ❖ Here, there was no "NO PARKING" lettering in the access aisle, in violation of the ADA.
- ❖ The included photo of the Facility depicts the above violation.

4. Inaccessible Transaction Counter:



- ❖ In areas used for transactions where counters have cash registers and are provided for sales or distribution of goods or services to the public, at least one of each type shall have a portion of the counter

which is at least 36 inches in length with a maximum height of 36 inches above the floor. 1991 Standards § 7.2(1). Under the 2010 Standards, where the approach to the sales or service counter is a parallel approach, such as in this case, there must be a portion of the sales counter that is no higher than 36 inches above the floor and 36 inches in width and must extend the same depth as the rest of the sales or service counter top. 2010 Standards § 904.4 & 904.4.1.

- ❖ Here, no such accessible transaction counter has been provided in violation of the ADA.
- ❖ The included photo of the Facility depicts the above violation.

5. Inaccessible Path of Travel:



- ❖ Shelves and display units allowing self-service by customers at stores must be located on an accessible route. 1991 Standards § 4.1.3(12)(b). An accessible route must be at least 36 inches in width.

   1991 Standards § 4.3.3.
- ❖ Here, the failure to provide accessible paths of travel in and throughout the merchandise aisles is a violation of the law.
- ❖ The included photo of the Facility depicts the above violation.

*Note*: As stated in the Complaint, given the obvious and blatant violations, the plaintiff has alleged, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff intends to conduct a site inspection and amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. See *Doran v. 7-Eleven Inc.,* (9th Cir. 2008) 524 F.3d 1034 (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them). Thus, settlement must address this holistic remediation.

**B. Amount of Damages**

  Under the Unruh Civil Rights Act and the California Disabled Persons Act, a plaintiff is entitled to two types of damages: (1) actual damages and (2) a penalty assessment. Cal. Civ. Code § 52(a); 54.3(a). "The statute lists actual damages and statutory damages as two separate categories of damages that a plaintiff may recover." Botosan v. Paul McNally Realty, 216 F.3d 827, 835 (9th Cir. 2000). The penalty assessment can be "no less than $4,000" under the Unruh Civil Rights Act (Cal. Civ. § 52(a)) and no less than $1,000 under the California Disabled Persons Act (Cal. Civ. § 54.3(a)). Each responsible party under the ADA is individually liable for the denial of rights. Lentini v. California Center for the Arts, Escondido, 370 F.3d 837, 849-851

(9th Cir. 2004). While each construction code section that is violated is not separately compensable, each distinct service or facility Plaintiff is denied access is a separate offense. (CCP § 55.56(f)). Here, Plaintiff was denied equal access to both the parking facilities as well as the ability to utilize the transaction counters due to the failure to create and maintain accessible features and seeks damages for each violation.

The Unruh Civil Rights Acts provides for minimum statutory penalties of $4,000 plus actual damages for each offense against each responsible entity. Thus, Plaintiff claims $4,000 in statutory penalties against the property owner, A & G Interprises, LLC and $4,000 against the business owner, Carmen Rosas, for a sum total of $8,000. If this matter proceeds beyond mediation, Plaintiff will additionally be seeking damages for on-going deterrence.

**C.     Demand for Settlement of Case**

First, to provide for van-accessible parking space, level parking, accessible standard parking space, accessible transaction counter and path of travel at the Store.

Second, enter into a court enforceable consent decree binding the defendants to: (1) institute policies and procedures whereby they maintain the property in a compliant state; (2) the defendants agree to obtain and deliver a CASp report on the property to the plaintiff (with photos) within 30 days that identifies all access barriers. Thereafter, the plaintiff will have 30 days to comment on the report. If the plaintiff notes other barriers, the plaintiff can make a demand that the defendants correct them. If the parties cannot reasonably agree on barrier correction within 10 days following plaintiff's demand, the plaintiff has the right to file a new action or refile the action in state or federal court.

Lastly, to settle this matter globally at mediation, that Defendants pay $8,000 in damages and submit to the court as to reasonable attorney's fees and costs as provided by both the ADA and Unruh.

Dated: September 25, 2018 CENTER FOR DISABILITY ACCESS

By: */s/ Dennis Price*__________
Dennis Price, Esq.
Attorney for Plaintiff