# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

#27/31

### CIVIL MINUTES - GENERAL

| Case No. | CV 18-6338 PSG (GJSx) | Date | August 20, 2019 |
|---|---|---|---|
| Title | Arroyo v. A&G Interprises, LLC, et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** Order DISMISSING the claims against Defendant A&G Interprises, GRANTING summary judgment as to Plaintiff's ADA claim against Defendant Rosas, and DECLINING supplemental jurisdiction over Plaintiff's state law claim.

Before the Court is Plaintiff Rafael Arroyo, Jr.'s ("Arroyo") motion for summary judgment against Defendants A&G Interprises ("A&G") and Carmen Rosas ("Rosas"). *See* Dkt. # 27 ("*Mot.*"). Neither Defendant opposed this motion. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the arguments in the Plaintiff's motion and the Plaintiff's response to the Court's July 23, 2018 Order to Show Cause, *see* Dkts. # 38 ("*OSC*"), # 40 ("*OSC Response*"), the Court **DISMISSES** the claims against Defendant A&G, **GRANTS** Plaintiff's motion for summary judgement against Defendant Rosas as to his claim under the Americans with Disabilities Act ("ADA"), and **DECLINES** to exercise supplemental jurisdiction over the remaining state law claim.

I.   Background

This is an ADA case. Plaintiff is a paraplegic who uses a wheelchair for mobility because he cannot walk. *Statement of Undisputed Facts*, Dkt. # 31-2 ("*SUF*"), ¶ 1. In June 2018, Plaintiff went to Gardena Main Plaza Liquor ("Store"), located at or about 16502 S. Main Street, Gardena. *Id.* ¶ 4. Defendant Rosas owns and operates the Store. *Id.* ¶ 5. Plaintiff alleges that the Store denied him full and equal access because its parking lot was not ADA-compliant, its transaction counter was too high for him to use, and its aisles are too narrow. *See id.* ¶¶ 8, 11, 20. Specifically, Plaintiff states that although the Store had a parking space designated for persons with disabilities, the slopes of the handicapped spaces are not level, and the access aisles are sloped. *Id.* ¶ 9. Further, the Store lacked a transaction counter lower than 55 inches for

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6338 PSG (GJSx) | Date | August 20, 2019 |
|---|---|---|---|
| Title | Arroyo v. A&G Interprises, LLC, et al. | | |

Plaintiff to use. *Id.* ¶ 12. Finally, in some places, the Store had aisles that were as narrow as 12 inches wide. *Id.* ¶ 20.

In July 2018, Plaintiff filed a complaint in this Court against Defendants, requesting injunctive relief under Title III of the ADA, 42 U.S.C. §§ 12101 et seq., and injunctive relief and monetary damages under California's Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51–53. *See generally Complaint*, Dkt. # 1 ("*Compl.*"). In addition to Defendant Rosas, Plaintiff sued Defendant A&G, who Plaintiff believed owned the land that the Store sits on. *See id.* ¶ 2. Plaintiff has yet to serve Defendant A&G. *See OSC Response* ¶ 3. On August 6, 2019, the Court issued an order to show cause as to why it should not dismiss A&G for lack of service. *See generally OSC*. On August 9, 2019, Plaintiff responded that since commencing the lawsuit, it has learned that A&G sold the property. *See OSC Response* ¶ 5.

Plaintiff now moves for summary judgment against both Defendants. *See generally Mot.* The Court denied Defendant Rosas's request to extend the filing deadline for her opposition brief. *See Order re: Request for Extension*, Dkt. # 35 ("*Extension Request Order*"). Neither Defendant Rosas nor Defendant A&G filed an opposition brief.

II.     Legal Standard

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the nonmoving party will have the burden of proof at trial, the movant can prevail by pointing out that there is an absence of evidence to support the moving party's case. *See id.* If the moving party meets its initial burden, the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence. Rather, it draws all reasonable inferences in the light most favorable to the nonmoving party. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6338 PSG (GJSx) | Date | August 20, 2019 |
|---|---|---|---|
| Title | Arroyo v. A&G Interprises, LLC, et al. | | |

*Ass'n*, 809 F.2d 626, 630–31 (9th Cir. 1987). The evidence presented by the parties must be capable of being presented at trial in a form that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c)(2). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *See Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

III. <u>Discussion</u>

Here, Plaintiff brings two causes of action: a claim for injunctive relief under the ADA and a claim for damages under the Unruh Act. Plaintiff moves for summary judgment on the ADA claim, arguing that Defendants violated the ADA because Plaintiff is disabled, Defendants operate a place of public accommodation, the Store had readily removable barriers, and Plaintiff encountered the violations, which prevent him from patronizing the Store. *See Mot.* 5:26–10:13. Next, Plaintiff asserts that he is entitled to summary judgment on the Unruh Act claim because an Unruh Act claim is "coextensive with the ADA." *See id.* 11:18 (quoting *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2007)). The Court addresses each issue in turn.

A. <u>Failure to Serve Defendant A&G</u>

A complaint may be dismissed for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). *See, e.g.*, *Universal Surface Tech., Inc. v. Sae-A Trading Am. Corp.*, No. CV 10-6972 CAS (PJWx), 2011 WL 281020, at *1 (C.D. Cal. Jan. 26, 2011). "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under" the Federal Rules. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988); *see also In re Focus Media Inc.*, 387 F.3d 1077, 1081 (9th Cir. 2004) (quoting *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.")). Under Federal Rule of Civil Procedure 4(m), a court must dismiss a complaint against a defendant if the defendant is not served within ninety days of when the complaint is filed, unless the plaintiff shows "good cause for the failure."

Here, the Court dismisses A&G from the case because Plaintiff has failed to serve A&G for more than a year and A&G no longer owns the property. First, Plaintiff has not served A&G for almost thirteen months, far exceeding Rule 4(m)'s ninety-day requirement. Fed. R. Civ. P. 4(m). Although Plaintiff states that he seeks to serve A&G through the California Secretary of State, he fails to show good cause as to why he has still not served A&G. *See OSC Response* ¶¶ 3–5. Second, Plaintiff admits that A&G no longer owns the property, making any ADA claim

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6338 PSG (GJSx) | Date | August 20, 2019 |
|---|---|---|---|
| Title | Arroyo v. A&G Interprises, LLC, et al. | | |

against A&G moot. *See id.* Therefore, because Plaintiff failed to timely serve A&G and his ADA claim against A&G is moot, A&G is dismissed.

In addition, Plaintiff states that once he finds the current property owner, he intends to amend his complaint to include them, but the time to amend the complaint has long since passed. *See id.* ¶ 7. In its Scheduling Order, the Court apprised Plaintiff that the last day to add parties and amend pleadings was March 4, 2019, more than five months ago. *Order Vacating Scheduling Conference*, Dkt. # 20 ("*Scheduling Order*"). Moreover, as stated above, Plaintiff has gone thirteen months without serving the correct property owner, far more than Rule 4(m)'s ninety-day limit. Fed. R. Civ. P. 4(m). With trial looming almost one month from now, it is simply too late for Plaintiff to serve the correct property owner and expect that defendant to adequately prepare.

Accordingly, because Plaintiff failed to timely serve Defendant A&G and Defendant A&G no longer owns the property, the Court **DISMISSES** Defendant A&G without prejudice.

B.  The ADA Claim

Plaintiff claims that Defendant Rosas violated Title III of the ADA. *See Mot.* 1:8–9. To prevail on a Title III claim, the Plaintiff must demonstrate that he has standing and that he can prevail on the merits of his claim. The Court assesses each issue in turn.

i.  *Standing*

"A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *City of Oakland v. Lynch*, 798 F.3d 1159, 1163 (9th Cir. 2015) (*Cetacean Cty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004)). To establish Article III standing, a plaintiff must show an injury-in-fact, causation, and redressability. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). "[A] disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating his standing to sue at each stage of the litigation." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (en banc). In ADA cases, the standing inquiry turns on whether an ADA plaintiff "has suffered an injury-in-fact and whether he has demonstrated a likelihood of future injury sufficient to support injunctive relief." *Id.*

Here, Plaintiff has standing because he sought to visit the Store and intends to do so in the future. Plaintiff suffered an injury-in-fact when he visited the Store in July 2018 and could not

| | | | |
|---|---|---|---|
| | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | | |
| | **CIVIL MINUTES - GENERAL** | | |
| Case No. | CV 18-6338 PSG (GJSx) | Date | August 20, 2019 |
| Title | Arroyo v. A&G Interprises, LLC, et al. | | |

access it due to the parking, transaction counter, and aisle barriers. *SUF* ¶¶ 7–12, 20. Further, Plaintiff demonstrates a likelihood of future injury because once Defendant Rosas removes the barriers, he "plans to visit the Store regularly, whenever the need arises." *Id.* ¶ 24. Therefore, given that Plaintiff suffered an injury upon visiting the Store and that the barriers deter him from currently patronizing it, he has standing to bring his claim.

        ii.      *Merits of the ADA Claim*

Title III provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12181(a). The statute includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable" as a form of actionable discrimination. *Id.* § 12181(b)(2)(A)(iv).

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *See Molski*, 481 F.3d at 730. "In addition, '[t]o succeed on an ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business [or property] presents an architectural barrier prohibited under the ADA and (2) the removal of the barrier is readily achievable.'" *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1008 (C.D. Cal. 2014) (quoting *Parr v. L & L Drive–Inn Rest.*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000)); *accord McComb v. Vejar*, No. 2:14-CV-00941-RSWL-E, 2014 WL 5494017, at *6 (C.D. Cal. Oct. 28, 2014). Individuals suing under Title III are only entitled to injunctive relief. *See Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1136 (9th Cir. 2002).

Here, Plaintiff presents enough undisputed facts to prevail on his ADA claim. Under the first requirement, Plaintiff is a paraplegic who cannot walk and uses a wheelchair for mobility. *SUF* ¶ 1; 42 U.S.C. § 12102(2)(A). Second, Defendant Rosas owns the Store, which is a "sales establishment" under the statute and thus a place of public accommodation. *See SUF* ¶¶ 5–6; 42 U.S.C. § 12181(7)(E). Next, the barriers, including the uneven parking access aisle with high slopes, the 55-inch transaction counter, and the paths of travel in the Store that measured between 12 and 30 inches, created "architectural barriers" under the statute. *See SUF* ¶¶ 8–10,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6338 PSG (GJSx) | Date | August 20, 2019 |
|---|---|---|---|
| Title | Arroyo v. A&G Interprises, LLC, et al. | | |

15–20; *Chapman,* 631 F.3d at 945.  Finally, Defendant Rosas can readily remove these types of barriers.  *See* 28 C.F.R. § 36.304(b) (listing installing ramps, repositioning shelves, rearranging display racks, and creating designated accessible parking spaces as readily achievable under ADA Title III).

Accordingly, because Plaintiff has standing to bring an ADA claim and has alleged enough undisputed facts to demonstrate an ADA violation, the Court **GRANTS** Plaintiff's motion for summary judgment with respect to Defendant Rosas.

C. The State Law Claim and Supplemental Jurisdiction

In an action over which a district court possesses original jurisdiction, it has "supplemental jurisdiction over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  However, a district court has the discretion to decline to exercise supplemental jurisdiction if:

> i. the claim raises a novel or complex issue of State law,
>
> ii. the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> iii. the district court has dismissed all claims over which it has original jurisdiction, or
>
> iv. in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Id.* § 1367(c).  The Supreme Court has explained that justification for supplemental jurisdiction "lies in considerations of judicial economy, convenience and fairness to litigants[.]"  *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

The Ninth Circuit does not require an "explanation for a district court's reasons [for declining supplemental jurisdiction] when the district court acts under any of the first three provisions" of 28 U.S.C. § 1367(c).  *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998).  However, when the district court declines supplemental jurisdiction under the fourth "exceptional circumstances" provision, it must "articulate why the circumstances of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6338 PSG (GJSx) | Date | August 20, 2019 |
|---|---|---|---|
| Title | Arroyo v. A&G Interprises, LLC, et al. | | |

the case are exceptional in addition to inquiring whether the balance of the *Gibbs* values provide compelling reasons for declining jurisdiction in such circumstances." *Exec. Software N. Am. Inc. v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 24 F.3d 1545, 1558 (9th Cir. 1994), *overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087, 1091 (9th Cir. 2008). According to the Ninth Circuit, this "inquiry is not particularly burdensome." *Id.*

Here, the Court declines to exercise supplemental jurisdiction given California's interest in discouraging unverified disability discrimination claims, as the state's recent legislation reflects. *See Velez v. Il Fornaio (Am.) Corp.*, No. CV 3:18-1840 CAB (MDD), 2018 WL 6446169, at *6 (S.D. Cal. Dec. 10, 2018).

"In 2012, in an attempt to deter baseless claims and vexatious litigation, California adopted heightened pleading requirements for disability discrimination lawsuits under the Unruh Act." *Id.* These heightened pleading requirements apply to actions alleging a "construction-related accessibility claim," which California law defines as "any civil claim in a civil action with respect to a place of public accommodation, including but not limited to, a claim brought under Section 51, 54, 54.1, or 55, based wholly or in part on an alleged violation of any construction-related accessibility standard." Cal. Civ. Code § 55.52(a)(1). Under these requirements, the plaintiff must include in the complaint specific facts concerning the plaintiff's claim, including the specific barriers encountered or how the plaintiff was deterred and each date on which the plaintiff encountered each barrier or was deterred. *See* Cal. Civ. Proc. Code § 425.50(a). California law also requires the plaintiff to verify the complaint; a complaint that is not verified is subject to a motion to strike. *Id.* § 425.50(b)(1).

When California continued to experience large numbers of these actions, the state legislature imposed additional limitations on "high-frequency litigants." A "high-frequency litigant" is defined as:

> A plaintiff who has filed 10 or more complaints alleged a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation.

*Id.* § 425.55(b)(1). The definition of a high-frequency litigant also extends to attorneys. *Id.* § 425.55(b)(2).

Here, Plaintiff had filed at least thirty-eight ADA complaints within the twelve-month period immediately preceding his filing of the current complaint on July 23, 2018. In addition,

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6338 PSG (GJSx) | Date | August 20, 2019 |
|---|---|---|---|
| Title | Arroyo v. A&G Interprises, LLC, et al. | | |

each of Plaintiff's attorneys-of-record have filed hundreds, if not thousands, of ADA cases within the twelve-month period preceding the filing of this complaint. Therefore, the Court finds that Plaintiff and his counsel comfortably fit within the definition of a "high-frequency litigant."

In support of its imposition of additional limitations on high-frequency litigants, the California Legislature observed that "a very small number of plaintiffs have filed a disproportionately large number of the construction-related accessibility claims in the state" and that "these lawsuits are frequently filed against small businesses on the basis of boilerplate complaints, apparently seeking quick cash settlements rather than correction of the accessibility violation." *Id.* § 425.55(a)(2). In order to address these "special and unique circumstances," *id.* § 425.55(a)(3), California imposed a "high-frequency litigant fee," requiring high-frequency litigants to pay a $1,000 filing fee to file a complaint, in addition to the standard filing fees, Cal. Gov't Code § 70616.5. California also requires complaints that high-frequency litigants file to allege certain additional facts, including whether the action is filed by, or on behalf of, a high-frequency litigant, the number of construction-related accessibility claims that the high-frequency litigant has filed in the preceding twelve months, the high-frequency litigant's reason for being in the geographic area of the defendant's business, and the reason why the high-frequency litigant plaintiff desired to access the defendant's business. *See* Cal. Civ. Proc. Code § 425.50(a)(4)(A).

Because California's heightened pleading standards and increased filing fees do not apply in federal court, plaintiffs can circumvent these restrictions simply by relying on § 1367(a)'s grant of supplemental jurisdiction to file their Unruh Act claims in federal court when combined with an ADA claim for injunctive relief. The number of construction-related accessibility claims filed in the Central District has skyrocketed both numerically and as a percentage of total civil filings since California began its efforts to curtail the filing of such actions in its state courts. According to statistics compiled by the Clerk's Office, in 2013, the first year in which California's initial limitations on such cases were in effect, there were 419 ADA cases filed in the Central District, constituting 3 percent of the civil actions filed. Filings of ADA cases increased from 928 (7 percent of civil cases) in 2014, the year before the imposition of the extra $1,000 filing fee and additional pleading requirements for high-frequency litigants, to 1,386 (10 percent of civil cases) in 2016, the first full year of those requirements. The number and percentage of such cases filed in the Central District have increased each year since California enacted the limitations on high-frequency litigants, reaching 1,670 (12 percent of civil cases) in 2017, 2,720 (18 percent of civil cases) in 2018, and 1,868 cases (24 percent of civil cases) in the first six months of 2019.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-6338 PSG (GJSx) | Date | August 20, 2019 |
|---|---|---|---|
| Title | Arroyo v. A&G Interprises, LLC, et al. | | |

By enacting restrictions on the filing of construction-related accessibility claims, California has expressed a desire to limit the financial burdens California's businesses may face for claims for statutory damages under the Unruh Act. By filing in federal court, Plaintiff has evaded these limits and sought a forum in which he can claim these state law damages in a manner inconsistent with the state law's requirements. This situation, and the burden the ever-increasing number of such cases poses to the federal courts, present "exceptional circumstances" and "compelling reasons" that justify exercising the Court's discretion to decline supplemental jurisdiction over plaintiff's Unruh Act claim in this action under 28 U.S.C. § 1367(c)(4).

Consideration of the *Gibbs* factors—values of judicial economy, convenience, fairness, and comity—also supports declining to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim under these circumstances. Given Plaintiff's attempt to use federal court as an "end-around" California's requirements, considerations of comity weigh in favor of declining supplemental jurisdiction. Although the Court recognizes that it would be more convenient and efficient for the ADA claim and the state law claim based on the same ADA violations to be litigated in one suit, in the Court's view, these issues are not so dire to overcome "California's strong interest in interpreting and enforcing its own rules without federal courts serving as a convenient end-around for creative litigants." *See Schutza v. Alessio Leasing, Inc. (Alessio Leasing)*, No. CV 18-2154 LAB (AGS), 2019 WL 1546950, at *4 (S.D. Cal. Apr. 8, 2019). Finally, the Court's decision not to countenance Plaintiff's attempt to circumvent the aims of the California Legislature hardly appears unfair to Plaintiff.

In conclusion, the Court finds that under these "exceptional circumstances," there are "compelling reasons" to warrant declining supplemental jurisdiction over Plaintiff's state law claim. As such, the Court **DECLINES** to exercise supplemental jurisdiction over Plaintiff's Unruh Civil Rights Act claim.

IV. Conclusion

For the foregoing reasons, the Court **DISMISSES** Defendant A&G Interprises without prejudice, **GRANTS** summary judgment as to Plaintiff's ADA claim against Defendant Rosas, and **DECLINES** supplemental jurisdiction over Plaintiff's state law claim. Plaintiff must submit a judgment to the Court consistent with this order by **August 30, 2019.**

**IT IS SO ORDERED**.